**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JACOB ROUCH, | ) | CAUSE NO.:  3:18-cv-01025 |
| | ) | |
| Plaintiff, | ) | JUDGE ROBERT L. MILLER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE MICHAEL G. |
| | ) | GOTSCH, SR. |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, a corporation, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

1. The parties conferred via electronic mail under Fed. R. Civ. P. 26(f) and agreed to this report on March 15, 2019.

Robert E. Harrington, III participated for the Plaintiff.

Sarah N. Dimmich participated for Defendant Norfolk Southern Railway Company.

Lowell T. Woods and John Kreighbaum participated for Defendant, Professional Transportation, Inc.

Christopher Keim for Defendants, AVI Foodsystems, Inc. and Horst Benz.

2. Jurisdiction.

The court has jurisdiction under the Federal Employers' Liability Act, 45 U.S.C. § 56 and 28 U.S.C. §1331, as it pertains to Defendant Norfolk Southern Railway Company. Jurisdiction as to the Defendant, PTI, is invoked under 28 U.S.C. §1367(a), the court having original jurisdiction in Count I against Norfolk Southern Railway Company. Supplemental jurisdiction as to the Defendants, AVI Foodsystems, Inc. and Horst Benz, is invoked under 28 U.S.C. §1367(a), the court having original jurisdiction in Count I over Norfolk Southern Railway Company. Moreover, diversity jurisdiction as to the Defendants, AVI Foodsystems, Inc. and Horst Benz, in invoked under 28 U.S.C. §1332, as

Plaintiff is an Indiana resident and Defendants AVI Foodsystems, Inc. and Horst Benz are residents of Ohio and the amount in controversy exceeds $75,000.00

3. Pre-Discovery Disclosures.

The parties will exchange Rule 26(a)(1) information by April 12, 2019.

4. Discovery Plan.

Discovery will be needed on the following subjects: Defendants' liability to Plaintiff for the injuries alleged, if any.  Plaintiff's alleged damages, if any. Discovery will also be required on the cross-claims filed by each Defendant.

Disclosure or discovery of electronically stored information should be handled as follows:

The parties have discussed discovery of electronically stored information ["ESI"]. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.

The last date to complete all discovery is March 15, 2020.

Maximum of 30 interrogatories by each party to any other party.

Maximum of 30 requests for admission by each party to any other party.

Maximum of 10 depositions by plaintiff(s) and 20 by defendant(s).

Deposition length shall be governed by Fed. R. Civ. P. 30(d).

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

November 1, 2019 for plaintiff(s);

February 1, 2020 for defendant(s); and

March 1, 2020 for Rule 26(e) supplements.

5. Other Items.

The last date the plaintiff(s) may seek permission to join additional parties and to amend the pleadings is May 15, 2019.

The last date the defendant(s) may seek permission to join additional parties and to amend the pleadings is June 15, 2019.

Treating physician disclosures pursuant to Fed. R. Civ. P. 26(a) are governed by Fed. R. Civ. P. 26(a)(2)(C).  Such witnesses are not required to file reports under Rule 26(a)(2)(B).

The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

The case should be ready for jury trial by August or September 2020 and is expected to take approximately 5 days.

6. Alternative Dispute Resolution.

The case's settlement prospects may be enhanced via the following ADR procedure:

Mediation

The parties have agreed upon Pete Schroeder of Norris Choplin Schroeder, 101 West Ohio St., Ninth Floor, Indianapolis, Indiana 46204 as mediator.

Date: <u>March 18, 2019</u>

/s/ Robert E. Harrington, III
Robert E. Harrington, III (No. 24616-45)
HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD.
One N. LaSalle St., Suite 3150
Chicago, Illinois 60602
P: (312) 332-8811
F: (312) 332-2027
htah@harringtonlaw.com
*Counsel for Plaintiff Jacob Rouch*

/s/ Sarah N. Dimmich
Sarah N. Dimmich
STUART & BRANIGIN LLP
300 Main St., Suite 900
PO Box 1010
Lafayette, IN 47902-1010
P: (765) 423-1561
F: (765) 742-8175
snd@stuartlaw.com
*Counsel for Defendant Norfolk Southern Railway Company*

/s/ John J. Kreighbaum
John J. Kreighbaum
Fine & Hatfield, A Professional Corporation
520 N.W. Second Street
P.O. Box 779
Evansville, IN 47705-0779
jjk@fine-hatfield.com

Lowell T. Woods, Jr.
TAFT STETTINIUS & HOLLISTER LLP
40 North Main Street, Suite 1700
Dayton, OH 45423
P: (937) 641-1728
F: (937) 228-2816
woods@taftlaw.com
*Counsel for Defendant, Professional
Transportation, Inc.*

/s/ Robert J. Foos
Robert J. Foos
LEWIS WAGNER, LLP
501 Indiana Ave., Suite 200
Indianapolis, IN 46202
(317) 237-0500
rfoos@lewiswagner.com
*Counsel for AVI Foodsystems, Inc. and Horst Benz*