# UNITED STATES DISTRICT COURT
### for the
# NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| JACOB ROUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-CV-01025-RLM-MGG |
| | ) | |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, a corporation, | ) | |
| | ) | |
| PROFESSIONAL TRANSPORTATION, INC., | ) | |
| a corporation, | ) | |
| | ) | |
| AVI FOODSYSTEMS, INC., and | ) | |
| | ) | |
| HORST R. BENZ, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES, JURY DEMAND, AND CROSS-CLAIM AGAINST AVI FOODSYSTEMS, INC. AND HORST BENZ

Comes now the Defendant, Norfolk Southern Railway Company ("Norfolk Southern"), by counsel, Fine & Hatfield, A Professional Corporation, and for its Answer to Plaintiff's Amended Complaint at Law states as follows:

### Allegations Common to All Counts

1.      On or about January 10, 2017, Plaintiff JACOB ROUCH, an Indiana resident, was injured in a motor vehicle collision on U.S. Route 24 near County Road 300 East in the Township of Lagro, County of Wabash and State of Indiana, while working as an employee for the Defendant, NSRC.

1

**ANSWER:**   **Norfolk Southern admits that Plaintiff was involved in a motor vehicle collision on January 10, 2017 on U.S. Route 24 near County Road 300 East in Township of Largo, County of Wabash, State of Indiana while working as an employee for Norfolk Southern.  Norfolk Southern is without knowledge or sufficient information to admit or deny the remaining allegations set forth in ¶1 of Plaintiff's Amended Complaint and therefore denies them.**

2.      At the time and place aforesaid, pursuant to the instructions of Defendant NSRC, Plaintiff JACOB ROUCH and his train crew were traveling by vehicle while in the course of their employment.

**ANSWER:**   **Admitted.**

3.      Defendant NSRC retained the services of Defendant PTI, a motor vehicle livery service, to transport Plaintiff and his crew members.

**ANSWER:**   **Admitted.**

4.      Defendant PTI was an agent of Defendant NSRC by operation of law in performing an operational railroad activity of Defendant NSRC in transporting the train crew, including the Plaintiff, from Toledo, Ohio to Peru Indiana.

**ANSWER:**   **Paragraph 4 consists of a legal conclusion to which no response is required.  To the extent that any allegations in paragraph 4 are construed against NSRC they are denied.**

5.      At the time and place aforesaid, U.S. Route 24 and County Road 300 East were public roadways for motor vehicles in the Township of Lagro, County of Wabash

and State of Indiana.

**ANSWER:   Admitted.**

6.      At the time and place aforesaid, the Defendant PTI, by and through its employee van driver operated a livery van in a general westerly direction on U.S. Route 24 in the Township of Lagro, County of Wabash and State of Indiana through hazardous weather conditions, including snow, ice and sleet.

**ANSWER:   Norfolk Southern is without knowledge or sufficient information to admit or deny the allegations set forth in ¶6 of Plaintiff's Amended Complaint and therefore denies them.**

7.      At the time and place alleged herein, PTI stopped on the westbound shoulder of U.S. Route 24 near County Road 300 East in an effort to avoid driving further in hazardous conditions.

**ANSWER:   Norfolk Southern is without knowledge or sufficient information to admit or deny the allegations set forth in ¶7 of Plaintiff's Amended Complaint and therefore denies them.**

8.      At the time and place alleged herein, and after PTI's van had been stopped on the westbound shoulder of U.S. Route 24, a semi-tractor trailer operated by Defendant HORST and owned by Defendant AVI struck the PTI van in which Plaintiff was a passenger while it sat idle on the shoulder of U.S. Route 24.

**ANSWER:   Norfolk Southern is without knowledge or sufficient information to admit or deny the allegations set forth in ¶8 of Plaintiff's Amended Complaint and therefore denies them.**

9. As a result of the collision, Plaintiff ROUCH sustained personal injuries.

**ANSWER: Norfolk Southern is without knowledge or sufficient information to admit or deny the allegations set forth in ¶9 of Plaintiff's Amended Complaint and therefore denies them.**

## COUNT I
### (NSRC- Federal Employers' Liability Act – FELA)

1-9. As and for paragraphs 1-9 of Count I, Plaintiff JACOB ROUCH adopts and reasserts paragraphs 1-9 of the "Allegations Common to All Counts" as if fully set forth herein.

**ANSWER: Norfolk Southern incorporates its Answers to ¶¶ 1-9 of "Allegations Common to All Counts" of Plaintiff's Amended Complaint as if fully set forth herein.**

10. Defendant NSRC is a common carrier engaged in interstate commerce, and is subject to service of process and to the jurisdiction of this Court under 45 U.S.C. §56.

**ANSWER: Admitted.**

11. At the time of the injury alleged herein, Plaintiff JACOB ROUCH was employed by Defendant NSRC as a railroad transportation employee, and his duties were in furtherance of interstate commerce for the NSRC. Both Plaintiff and the Defendant were subject to the Federal Employers' Liability Act, 45 U.S.C. § 51-60, under the provisions of which Count I is brought.

**ANSWER: NSRC admits that Plaintiff was employed by NSRC as a railroad transportation employee, that his duties were in furtherance of interstate commerce for**

**NSRC, and that this case is brought pursuant to the Federal Employers' Liability Act. NSRC denies the remaining allegations of this paragraph.**

12.      Defendant PTI and its driver were agents of Defendant NSRC because they were performing an operational activity of the railroad under contract with Defendant, NSRC.

**ANSWER:   Norfolk Southern denies that, as to the facts at issue in this case, PTI and its driver were agents of Norfolk Southern at the time of the incident identified in Plaintiff's Amended Complaint.**

13.      Subject matter jurisdiction for the Plaintiff's cause of action under the Federal Employers' Liability Act exists pursuant to 45 U.S.C. §51; 45 U.S.C. §56; and 28 U.S.C. §1331.

**ANSWER:   Norfolk Southern expressly denies that the Plaintiff Jacob Rouch has a valid cause of action against Norfolk Southern under the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., or any other federal or state statute or law.**

14.      Venue for this cause of action exists in the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1391(b).

**ANSWER:   Admitted.**

15.      At the time and place aforesaid, the Defendant, NSRC, had a duty under the Federal Employers' Liability Act, 45 U.S.C. §51-60, to provide the Plaintiff with a reasonably safe place to work.

**ANSWER:   Plaintiff purports to state a rule of law to which no answer is required.  To the extent an answer is deemed necessary, Norfolk Southern denies that it breached any duties to Plaintiff.**

16.     Plaintiff JACOB ROUCH was acting at all times alleged herein within the scope of his employment and in furtherance of the NSRC's business and it was the duty of the NSRC to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work, including occasions where Plaintiff was transported by vehicle off Defendant's premises; to refrain from delegating its non-delegable duty to furnish Plaintiff with a reasonably safe place in which to work by hiring a livery service to transport Plaintiff and his crew; to exercise reasonable care in not instructing its retained livery service to travel in known hazardous weather conditions, to exercise ordinary care and judgment in selecting and hiring a transport service to transport Plaintiff in performance of his duties; through the transport service, acting as Defendant's agent by operation of law, to operate and control the vehicle to avoid collision; and to warn Plaintiff so as to avert injury to Plaintiff.

**ANSWER:   Norfolk Southern admits that Plaintiff was acting at all times alleged in Plaintiff's Amended Complaint within the scope of his employment and in the furtherance of Norfolk Southern's business.  As to the remainder of the allegations in ¶16 of Plaintiff's Amended Complaint, Plaintiff purports to state a rule of law to which no further answer is required.  To the extent an answer is deemed necessary, Norfolk Southern denies that it breached any duties to Plaintiff.**

17.     At the time and place aforesaid, the Defendant, NSRC, violated the

Federal Employers' Liability Act, in one or more of the following respects:

a)      In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work, including those occasions where Defendant required Plaintiff to be transported in a vehicle off Defendant's premises;

b)      In delegating its non-delegable duty to furnish Plaintiff with a reasonably safe place in which to work by hiring a livery service to transport Plaintiff and his crew;

c)      In failing to provide reasonably safe conditions for work;

d)      In failing to provide reasonably safe methods of work;

e)      In failing to adequately train drivers of vans that its employees are required to ride in;

f)      In negligently sending Plaintiff on a trip at night when weather conditions were such that it should not have had crews traveling when the incident occurred;

g)      In failing to instruct its agent, Defendant PTI and its driver, to pull off the road due to known weather conditions in a safe location;

h)      Through its agents, Defendant PTI and its driver, by operation of law in performing an operational activity of NSRC, in failing to pull off the road in a reasonably safe place;

i)      Through its agents, Defendants PTI and its driver, by operation of law in performing an operational activity of NSRC, by stopping its vehicle when it could not be done with reasonable safety in violation of IC 9-21-8-24;

j)      Through its agents, Defendants PTI and its driver, by operation of law in performing an operational activity of NSRC, by failing to leave sufficient unobstructed width of the roadway for the free passage of other vehicles in violation of IC 9-21-16-2;

k)      Through its agents, Defendants PTI and its driver, by operation of law in performing an operational activity of NSRC, in negligently parking its vehicle on a highway in violation of IC 9-21-16-1;

l)      In failing to provide Plaintiff with a competent driver; and

m)      Through its agents, Defendants PTI and its driver, by operation of law in performing an operational activity of NSRC, in failing to comply with the Indiana Rules of the Road governing the operation of motor vehicles.

**ANSWER:   Norfolk Southern denies the truth of the allegations set forth in ¶17 of Plaintiff's Amended Complaint, including the allegations set forth in subparagraphs 17(a) through and including 17(m) thereof.  Norfolk Southern is without knowledge or sufficient information to admit or deny the allegations set forth in Count I, ¶17 of Plaintiff's Amended Complaint as it relates to other defendants and therefore denies them.**

18.     At the time and place aforesaid, the Plaintiff, JACOB ROUCH, sustained injuries of a personal and pecuniary nature, and sustained other recoverable damages supported by the evidence and permitted by law, all resulting, in whole or in part, from one or more violations by the Defendant NSRC of the Federal Employers' Liability Act.

**ANSWER:   Denied.**

WHEREFORE, the Defendant, Norfolk Southern Railway Company, asks this Court to grant judgment in its favor and against the Plaintiff on his Amended Complaint at Law against it, for its costs and expenses in defending this action and for all other relief just and proper in the premises.

### COUNT II
### (PTI – Common Law Negligence)

1-9.     As and for paragraphs 1-9 of Count II, Plaintiff JACOB ROUCH adopts and reasserts paragraphs 1-10 of the "Allegations Common to All Counts" as if fully set forth herein.

**ANSWER:   Norfolk Southern states that the allegations set forth in "Count II PTI - Common Law Negligence" are directed solely toward Defendant Professional**

**Transportation Inc., not Norfolk Southern.  Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count II"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations. NSRC notes that "Allegations Common to All Counts" has only 9 numbered paragraphs.**

10.     Pursuant to Rule 20(a) of the Federal Rules of Civil Procedure, the Plaintiff has joined PTI as a Defendant in this action because there are common questions of law and fact involving the plaintiff's claim against the NSRC, as alleged in Count I, and the Plaintiff's claims against the Defendant, PTI, as alleged in Count II.

**<u>ANSWER:</u>   Norfolk Southern states that the allegations set forth in "Count II PTI - Common Law Negligence" are directed solely toward Defendant Professional Transportation Inc., not Norfolk Southern.  Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count II"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**

11.     Jurisdiction as to the Defendant, PTI, is invoked under 28 U.S.C. §1367(a), the court having original jurisdiction in Count I pursuant to 45 U.S.C. §56 and 28 U.S.C. §1331, and the claim in Count II being so related to the original jurisdiction in Count I as to form a part of the same case, the Court has supplemental jurisdiction as to this defendant.

**ANSWER:**   Norfolk Southern states that the allegations set forth in "Count II

PTI - Common Law Negligence" are directed solely toward Defendant Professional

Transportation Inc., not Norfolk Southern.  Therefore, no further answer is required of

Norfolk Southern to these allegations in said "Count II"; to the extent any answer is

deemed necessary, Norfolk Southern incorporates its answers as set forth above to

"COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.


12.      Venue of this action in the United States District Court for the Northern District

of Indiana is proper pursuant to 28 U.S.C. §94 and §1391(b).

**ANSWER:**   Norfolk Southern states that the allegations set forth in "Count II

PTI - Common Law Negligence" are directed solely toward Defendant Professional

Transportation Inc., not Norfolk Southern.  Therefore, no further answer is required of

Norfolk Southern to these allegations in said "Count II"; to the extent any answer is

deemed necessary, Norfolk Southern incorporates its answers as set forth above to

"COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.


13.      On January 10, 2017, and at all times relevant hereto, the Defendant, PTI,

was a corporation duly organized and existing under the laws of the State of Indiana.

**ANSWER:**   Norfolk Southern states that the allegations set forth in "Count II

PTI - Common Law Negligence" are directed solely toward Defendant Professional

Transportation Inc., not Norfolk Southern.  Therefore, no further answer is required of

Norfolk Southern to these allegations in said "Count II"; to the extent any answer is

deemed necessary, Norfolk Southern incorporates its answers as set forth above to

"COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.

14.     On January 10, 2017, and at all times relevant hereto, the Defendant, PTI, was doing business in the State of Indiana and was then, and is now, subject to service of process and to the jurisdiction of this court.

**ANSWER:**   **Norfolk Southern states that the allegations set forth in "Count II PTI - Common Law Negligence" are directed solely toward Defendant Professional Transportation Inc., not Norfolk Southern.  Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count II"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**

15.     At the time and place alleged herein, Plaintiff JACOB ROUCH was a passenger in the vehicle operated by Defendant PTI and through its driver owed Plaintiff a duty of the highest degree of care in operation of the vehicle; to operate the vehicle in a safe manner; and to warn Plaintiff so as to avert injury to him.

**ANSWER:**   **Norfolk Southern states that the allegations set forth in "Count II PTI - Common Law Negligence" are directed solely toward Defendant Professional Transportation Inc., not Norfolk Southern.  Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count II"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**

16.     At the time and place alleged herein, Defendant PTI's van driver was employed by PTI and operating said van in the scope of his employment and agency

with Defendant PTI.

**ANSWER:   Norfolk Southern states that the allegations set forth in "Count II PTI - Common Law Negligence" are directed solely toward Defendant Professional Transportation Inc., not Norfolk Southern.  Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count II"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**

17.    At the time and place aforesaid, Defendant PTI was operating said van on U.S. Route 24 at or near Largo, Indiana transporting employees of Defendant NSRC from Ohio to Indiana pursuant to contract with Defendant NSRC.

**ANSWER:   Norfolk Southern states that the allegations set forth in "Count II PTI - Common Law Negligence" are directed solely toward Defendant Professional Transportation Inc., not Norfolk Southern.  Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count II"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**

18.    At the time and place aforesaid, PTI knew or should have known that inclement weather was forecast for the evening/early morning in question and it would not be safe to transport NSRC employees due to the fact the roads were covered with snow and ice.

**ANSWER:   Norfolk Southern states that the allegations set forth in "Count II PTI - Common Law Negligence" are directed solely toward Defendant Professional**

Transportation Inc., not Norfolk Southern.  Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count II"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.

19.    Defendant PTI at the time and place alleged, notwithstanding their duties to Plaintiff, was negligent in one or more of the following respects through the acts or omissions of PTI, it's officers, employees or agents in one or more of the following particulars and thereby proximately caused injuries to Plaintiff:

a)    In failing to provide Plaintiff with a reasonably safe place in which to work;

b)    In negligently transporting Plaintiff in inclement and hazardous weather conditions when it knew or should have known the roads were not safe for travel where the incident occurred;

c)    In failing to ensure the roads were safe for travel;

d)    In authorizing its driver to operate its vehicle in unsafe and hazardous weather conditions;

e)    In failing to pull off the road at an exit where safe parking could have occurred;

f)    In failing to properly pull off the roadway where the incident occurred;

g)    In failing to exit the roadway before weather conditions deteriorated to the point where safe travel could not occur;

h)    In pulling over at an unsafe location on U.S. Route 24 at or near curve in the roadway;

i)    By negligently stopping its vehicle when it could not be made with reasonable safety in violation of IC 9-21-8-24;

j)    By negligently stopping and parking its vehicle upon the paved part of the highway when it was practical to stop or park it off the highway in violation of IC 9-21-16-1; and

k)      In failing to leave sufficient unobstructed width of the roadway for the free
passage of other vehicles in violation of IC 9-21-16-2.

**ANSWER:**   **Norfolk Southern states that the allegations set forth in "Count II**

**PTI - Common Law Negligence" are directed solely toward Defendant Professional**

**Transportation Inc., not Norfolk Southern.   Therefore, no further answer is required of**

**Norfolk Southern to these allegations in said "Count II"; to the extent any answer is**

**deemed necessary, Norfolk Southern incorporates its answers as set forth above to**

**"COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**


20.      As a proximate result of one or more of the negligent acts or omissions of

the Defendant, PTI, and through its agent and employee driver, as set forth herein, the

Plaintiff, JACOB ROUCH, sustained injuries of a personal and pecuniary nature, and

sustained other recoverable damages supported by the evidence and permitted by law.

**ANSWER:**   **Norfolk Southern states that the allegations set forth in "Count II**

**PTI - Common Law Negligence" are directed solely toward Defendant Professional**

**Transportation Inc., not Norfolk Southern.   Therefore, no further answer is required of**

**Norfolk Southern to these allegations in said "Count II"; to the extent any answer is**

**deemed necessary, Norfolk Southern incorporates its answers as set forth above to**

**"COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**


WHEREFORE, the Defendant, Norfolk Southern Railway Company, asks this Court

to grant judgment in its favor and against the Plaintiff on his Amended Complaint at Law

against it, for its costs and expenses in defending this action and for all other relief just and

proper in the premises.

## COUNT III

## (AVI FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence)

1-9.    As and for paragraphs 1-19 of Count III, Plaintiff JACOB ROUCH adopts

and reasserts paragraphs 1-9 of the "Allegations Common to All Counts" as if fully set

forth herein.

**ANSWER:   Norfolk Southern states that the allegations set forth in "Count III AVI**

**FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are**

**directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern.**

**Therefore, no further answer is required of Norfolk Southern to these allegations in**

**said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern**

**incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended**

**Complaint and denies any other new allegations.**


10.    Pursuant to Rule 20(a) of the Federal Rules of Civil Procedure, the

Plaintiff has joined AVI and BENZ as a Defendants in this action because there are

common questions of law and fact involving the plaintiff's claim against the NSRC, as

alleged in Count I, and the Plaintiff's claims against the Defendants, AVI and BENZ, as

alleged in Count III.

**ANSWER:   Norfolk Southern states that the allegations set forth in "Count III AVI**

**FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are**

**directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern.**

**Therefore, no further answer is required of Norfolk Southern to these allegations in**

**said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern**

incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.

11.     Supplemental jurisdiction as to the Defendants, AVI and BENZ, is invoked under 28 U.S.C. §1367(a), the court having original jurisdiction in Count I pursuant to 45 U.S.C. §56 and 28 U.S.C. §1331, and the claim in Count III being so related to the original jurisdiction in Count I as to form a part of the same case, the Court has supplemental jurisdiction as to the Defendants, AVI and BENZ.

**ANSWER:   Norfolk Southern states that the allegations set forth in "Count III AVI FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern. Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**

12.     Diversity jurisdiction as to the Defendants, AVI and BENZ, in invoked under 28 U.S.C. §1332, as Defendants to Count III are residents of Ohio and the amount in controversy exceeds $75,000.00.

**ANSWER:   Norfolk Southern states that the allegations set forth in "Count III AVI FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern. Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern**

incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended

Complaint and denies any other new allegations.

13.     Venue of this action in the United States District Court for the Northern District

of Indiana is proper pursuant to 28 U.S.C. §94 and §1391(b).

**ANSWER:**   **Norfolk Southern states that the allegations set forth in "Count III AVI**

**FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are**

**directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern.**

**Therefore, no further answer is required of Norfolk Southern to these allegations in**

**said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern**

**incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended**

**Complaint and denies any other new allegations.**

14.     On the aforementioned date and time Defendant BENZ was driving a

semi-tractor on U.S. Route 24 westbound at or near Largo, Indiana. The semi-tractor

was owned by Defendant AVI and on the date in question was carrying load in interstate

commerce. The commercial motor vehicle carrier on the subject semi-trailer is listed as

AVI.

**ANSWER:**   **Norfolk Southern states that the allegations set forth in "Count III AVI**

**FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are**

**directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern.**

**Therefore, no further answer is required of Norfolk Southern to these allegations in**

**said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern**

**incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended**

Complaint and denies any other new allegations.

15.     At the time and place aforesaid, the weather was inclement with snow and/or freezing rain falling. The roadway was slick, ice and snow covered and dangerous.

**ANSWER:**  **Norfolk Southern states that the allegations set forth in "Count III AVI FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern. Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**

16.     At the time and place aforesaid, Defendant BENZ lost control of his semi-tractor trailer and crashed into PTI van stopped on the side of U.S. Route 24 at or near Largo, Indiana in which Plaintiff JACOB ROUCH was riding as a passenger.

**ANSWER:**   **Norfolk Southern states that the allegations set forth in "Count III AVI FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern. Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**

17.     At the time and place aforesaid, Defendant BENZ, was an employee of the Defendant, AVI and Defendant AVI is liable for the conduct of BENZ through the doctrine of respondeat superior.

**ANSWER:**   **Norfolk Southern states that the allegations set forth in "Count III AVI FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern. Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**

18.     The subject semi-tractor trailer driven by Defendant BENZ had a placard on its side identifying the semi-tractor as being operated by the motor carrier AVI.

**ANSWER:**   **Norfolk Southern states that the allegations set forth in "Count III AVI FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern. Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**

19.     By operation of law, Defendant BENZ was a statutory employee of Defendant AVI at the time of the January 10, 2017 incident.

**ANSWER:**   Norfolk Southern states that the allegations set forth in "Count III AVI FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern. Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.

20.     Any and all negligent acts or omissions of Defendant BENZ are imputed to AVI as a matter of law.

**ANSWER:**   Norfolk Southern states that the allegations set forth in "Count III AVI FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern. Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.

21.     Defendants AVI and BENZ notwithstanding other duties owed to Plaintiff, were negligent in one or more of the following respects and thereby proximately caused injuries to Plaintiff:

a)     In failing to take evasive action to avoid the impact when he knew, or reasonably should have known that an impact was imminent.

b)     Failed to use due care to avoid a collision and maintain his vehicle under reasonable control, contrary to and in violation of Indiana Code Section

9-21-5-1;

c)    Drove his vehicle at a rate of speed greater than was reasonable or prudent under the conditions, having regard to actual and potential hazards then existing, contrary to and in violation of Indiana Code Section 9-21-5-1;

d)    Failed to keep a proper lookout for traffic on the highway;

e)    Failing to have his vehicle under control so as to slow down and stop for a vehicle ahead;

f)    Failed to restrict the speed of his vehicle as necessary to avoid rear-ending a vehicle ahead, contrary to and in violation of Indiana Code Section 9-21-5-1;

g)    In failing to keep a proper lookout or to maintain its semi-tractor trailer in the proper lane in violation of IC 9-21-8-2; IC 8-21-8-5; IC 9-21-8-12;

h)    In failing to maintain safe control of its semi-tractor trailer;

i)    In failing to use proper headlights;

j)    In failing to properly train its driver;

k)    In allowing its driver to continue driving in unsafe weather and road conditions;

l)    In failing to reduce speed appropriately due to special hazard that existed on the roadway in violation of IC 9-21-5-4(5);

m)    In failing to maintain its semi-tractor trailer in proper working condition in violation of IC 9-21-7-1 and IC 9-21-7-2;

n)    In failing to comply with 49 C.F.R. Section 383.110, 111, 113 and/or 115 in that HORST R. BENZ did not have the necessary skills to operate a semi-tractor trailer safely; and

o)    In failing to comply with the requirements of 49 C.F.R. Section 392, *et seq.*

**ANSWER:**   **Norfolk Southern states that the allegations set forth in "Count III AVI**

**FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are**

**directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern.**

**Therefore, no further answer is required of Norfolk Southern to these allegations in**

**said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**

22.     As a proximate result of one or more of the negligent acts or omissions of the Defendants AVI and BENZ as set forth herein, the Plaintiff, JACOB ROUCH, sustained injuries of a personal and pecuniary nature, and sustained other recoverable damages supported by the evidence and permitted by law.

**ANSWER:   Norfolk Southern states that the allegations set forth in "Count III AVI FOODSYSTEMS, INC. AND HORST R. BENZ - Common Law Negligence" are directed solely toward Defendants AVI and Horst R. Benz, not Norfolk Southern. Therefore, no further answer is required of Norfolk Southern to these allegations in said "Count III"; to the extent any answer is deemed necessary, Norfolk Southern incorporates its answers as set forth above to "COUNT I" of Plaintiff's Amended Complaint and denies any other new allegations.**

WHEREFORE, the Defendant, Norfolk Southern Railway Company, asks this Court to grant judgment in its favor and against the Plaintiff on his Amended Complaint at Law against it, for its costs and expenses in defending this action and for all other relief just and proper in the premises.

*/s/ John J. Kreighbaum*
John J. Kreighbaum,        #18039-49
FINE & HATFIELD, A Professional Corporation
520 N.W. Second Street
P.O. Box 779
Evansville, Indiana 47705-0779

Telephone: (812) 425-3592
jjk@fine-hatfield.com

Attorneys for Defendant
Norfolk Southern Railway Company

## AFFIRMATIVE DEFENSES

Comes now the Defendant, Norfolk Southern Railway Company ("Norfolk Southern"),

by counsel, Fine & Hatfield, A Professional Corporation, in response to Plaintiff's Amended

Complaint alleges and states the following affirmative and other defenses.

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted

and therefore should be dismissed with prejudice.

### SECOND DEFENSE

Plaintiff's negligence, if any, may have been a proximate cause of the alleged

incident, injuries, and damages of which he complains, and for that reason he should have his

recovery barred or reduced.

### THIRD DEFENSE

The incident, injuries, and damages of which Plaintiff complains may have been

caused in part by his own contributory negligence, if any, and for that reason his damages

should be proportionately diminished.

### FOURTH DEFENSE

Plaintiff's damages were caused in whole or in part by pre-existing conditions, or

other contributory or concurrent condition or factors, including events prior to the occurrence

made the basis of Plaintiff's Amended Complaint against Norfolk Southern, and for that

reason his claims against Norfolk Southern should be barred or his damages should be proportionately diminished.

## FIFTH DEFENSE

Plaintiff may have failed to mitigate his damages.

## SIXTH DEFENSE

Advances, sick pay, medical bills, supplemental benefits, and Railroad Retirement Board benefits have or may have been paid to or on behalf of Plaintiff, and for that reason Norfolk Southern is entitled to a set-off against any damages which Plaintiff may recover from Norfolk Southern.

## SEVENTH DEFENSE

The alleged injuries and damages of which Plaintiff complains were the result of superseding, intervening causes, which were not foreseen by Norfolk Southern, and could not reasonably have been foreseen by Norfolk Southern under the same or similar circumstances, and for that reason, Plaintiff's claims against Norfolk Southern are barred.

## EIGHTH DEFENSE

Any paragraph not specifically admitted or denied is hereby denied.

## NINTH DEFENSE

Norfolk Southern reserves the right to assert additional affirmative defenses as the same become known though discovery.

WHEREFORE, the Defendant, Norfolk Southern Railway Company, asks this Court to grant judgment in its favor and against the Plaintiff on his Amended Complaint at Law

against it, for its costs and expenses in defending this action and for all other relief just and proper in the premises.

*/s/ John J. Kreighbaum*
John J. Kreighbaum,          #18039-49
FINE & HATFIELD, A Professional Corporation
520 N.W. Second Street
P.O. Box 779
Evansville, Indiana 47705-0779
Telephone:  (812) 425-3592
jjk@fine-hatfield.com

Attorneys for Defendant
Norfolk Southern Railway Company

## <u>CROSS-CLAIM AGAINST AVI FOODSYSTEMS, INC. AND HORST BENZ</u>

Comes now the Defendant/Cross-Plaintiff, Norfolk Southern Railway Company ("Norfolk Southern"), by counsel Fine & Hatfield, A Professional Corporation, and for its Cross-Claim against Defendants/Cross-Claim Defendants, AVI Foodsystems, Inc. ("AVI") and Horst Benz ("Benz"), alleges the following:

1.      For purposes of its Cross-Claim, Norfolk Southern incorporates the allegations contained in Plaintiff's Amended Complaint for the sole purpose of setting forth the basis of its Cross-Claim and without intending to adopt or admit any of the allegations set forth therein.

2.      Norfolk Southern further incorporates herein, for purposes of its Cross-Claim, its foregoing Answers and Affirmative Defenses to Plaintiff's Amended Complaint.

### <u>COUNT I</u>

**(Negligence – AVI Foodsystems, Inc. and Horst Benz)**

3.      Norfolk Southern incorporates the preceding paragraphs by reference as if fully restated herein.

4.      At all relevant times, Horst Benz ("Benz") was driving the truck that struck PTI's van.

5.      At all relevant times, Benz was employed by AVI.

6.      At all relevant times, Benz was acting in the course and scope of his employment with AVI.

7.      Benz owed PTI a duty to operate the truck with reasonable care and in a manner so as not to cause damages in the course of operation of the truck.

8.      Benz breached his duty by, among other things, causing the truck that Benz was driving to strike PTI's van when PTI's van was pulled over to the shoulder of the road because of adverse weather conditions.

9.      Benz's negligent actions were the direct and proximate cause of the damage suffered by Norfolk Southern.

10.     As a direct and proximate result of Benz's negligence, Norfolk Southern has suffered damages separate and apart from any amount it may have to pay as a result of Plaintiff's claims.

WHEREFORE, Defendant/Cross-Claim Plaintiff, Norfolk Southern Railway Company, demands judgment against Defendants/Cross-Claim Defendants, AVI Foodsystems, Inc. and Horst Benz, for damages, and for all other just and proper relief in the premises.

*/s/ John J. Kreighbaum*
John J. Kreighbaum,        #18039-49
F I N E  *&*  H A T F I E L D ,  A Professional Corporation
520 N.W. Second Street
P.O. Box 779
Evansville, Indiana 47705-0779
Telephone:  (812) 425-3592
jjk@fine-hatfield.com

Attorneys for Defendant/Cross-Plaintiff
Norfolk Southern Railway Company

## DEMAND FOR JURY TRIAL

The Defendant, Norfolk Southern Railway Company, by counsel, Fine & Hatfield, A

Professional Corporation, and hereby demands trial by jury as to all issues so triable herein.

*/s/ John J. Kreighbaum*
John J. Kreighbaum,        #18039-49
F I N E  *&*  H A T F I E L D ,  A Professional Corporation
520 N.W. Second Street
P.O. Box 779
Evansville, Indiana 47705-0779
Telephone:  (812) 425-3592
jjk@fine-hatfield.com

Attorneys for Defendant/Cross-Plaintiff
Norfolk Southern Railway Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2019 a copy of the foregoing *Defendant*

*Norfolk Southern Railway Company's Answer to Plaintiff's Amended Complaint with Affirmative*

*Defenses, Jury Demand, and Cross- Claim against AVI Foodsystems, Inc. and Horst Benz* was

filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation

of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ John J. Kreighbaum*

John J. Kreighbaum                    #18039-49
A Member with the law firm of:
F I N E  &  H A T F I E L D , A Professional Corporation
520 N.W. Second Street
P.O. Box 779
Evansville, Indiana 47705-0779
Email:  jjk@fine-hatfield.com
Telephone:  (812) 425-3592
Facsimile: (812) 421-4269

F I N E  *&*  H A T F I E L D
*A Professional Corporation*
520 N.W. Second Street
P.O. Box 779
Evansville, Indiana 47705-0779